# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARA STRASSER, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES,<br><br>　　　　　　Defendant. | CASE NO.: 1:22-cv-4578<br><br>Supreme Court of the State of New York County of Kings<br>Index No. 520675/2022 |

## NOTICE OF REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE that Defendant Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS"), by and through undersigned counsel, Gordon Rees Scully Mansukhani, LLP, hereby files its Notice of Removal of a Civil Action from the Supreme Court of the State of New York, County of Kings.

1.　On July 20, 2022, Plaintiff Sara Strasser ("Plaintiff") filed an action in the Supreme Court of the State of New York, County of Kings, entitled and captioned: Sara Strasser *et al.* v. Credit Control Services, Inc. d/b/a Credit Collection Services, which was assigned Index No. 520675/2022.

2.　CCS was served with a copy of Plaintiff's Complaint on July 25, 2022.

3.　The following pleadings have been filed in this action to date and are attached hereto as Exhibit "A" and are hereby incorporated by reference:

    a. Plaintiff's Summons; and

    b. Plaintiff's Complaint.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by CCS pursuant to the provisions of 28 U.S.C. § 1441(a), in that it arises, in part, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

5. The Supreme Court of the State of New York, County of Kings is located within the jurisdiction of the United States Court for the Eastern District of New York. This Court is the court embracing the place where the action is pending.

6. This complaint is removable to the United States District Court for the Eastern District of New York, from the Supreme Court of the State of New York, County of Kings, pursuant to 28 U.S.C. §§ 1331 and 1441.

7. As the Supreme Court recently affirmed, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).

8. The Court instructed that when assessing the concrete harm requirement, "courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id.* at 2204 (quoting *Spokeo v. Robins*, 578 U.S. 330, 341 (2016)).

9. The Complaint alleges claims asserted under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. As such, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. Further, the Complaint alleges that Plaintiff suffered a concrete harm.

11. Specifically, Plaintiff alleges that her reliance on CCS' allegedly errant collection efforts caused "concrete and particularized harm" and "negative credit furnishment [sic] to accrue, and ultimately be reported to third parties, to the Plaintiff's financial detriment." Ex. A ¶¶ 40, 51.

12. Thus, the Complaint sufficiently alleges that Plaintiff suffered a concrete harm so as to confer Article III standing upon Plaintiff.

13. Pursuant to 28 U.S.C. § 1446(b), Notice of Removal "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

14. This Notice of Removal is being filed within 30 days of the date on which CCS received a copy of the Plaintiff's Complaint, as it was served on October 14, 2021.

15. CCS has provided written notice of this Notice of Removal to Plaintiff, and, additionally, filed a copy with the Supreme Court of the State of New York, County of Kings, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, CCS removes to this Court the above-entitled action, pending in the Supreme Court of the State of New York, County of Kings, and requests this action be placed on the docket of this Court for further proceedings

as though this action had originally been instituted in this Court.

Additionally, CCS respectfully requests that the docket of the Court notice this firm's representation of Defendant Credit Control Services, Inc., d/b/a Credit Collection Services, for all further proceedings.

                            Respectfully submitted,

Dated: Astoria, New York    **GORDON REES SCULLY MANSUKHANI, LLP**
       August 3, 2022

                            Matthew B. Johnson
                            One Battery Park Plaza, 28th Floor
                            New York, New York 10004
                            Tel: 212-402-2298
                            Fax: 212-269-5505
                            MBJohnson@grsm.com
                            *Attorneys for Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Notice of Removal of Index No.: CV-5021-21/SM** has been served upon the following Plaintiff on August 3, 2022, via e-mail, to:

> Stein Saks, PLLC
> Robert Yusko, Esq.
> One University Plaza, Suite 620
> Hackensack, NJ 07601
> ryusko@steinsakslegal.com
> *Counsel for Plaintiff*

**GORDON REES SCULLY MANSUKHANI, LLP**

Matthew B. Johnson
*Attorneys for Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services*